UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| **LYNDSEY MICHELLE LOYD, On Behalf of HERSELF and All Others Similarly Situated,** | ) ) ) |
| *Plaintiff,* | ) **COLLECTIVE ACTION** ) ) **CASE NO. _____** |
| v. | ) ) **JUDGE _____** |
| **JACKS ENTERPRISE, LLC d/b/a JOHNNY'S PIZZA,** | ) ) **JURY DEMAND** |
| *Defendant.* | ) ) ) |

## COLLECTIVE ACTION COMPLAINT

1.  Plaintiff Lyndsey Michelle Loyd ("Named Plaintiff") brings this collective action on behalf of herself and all others similarly situated against Defendant JACKS Enterprise, LLC d/b/a Johnny's Pizza ("JACKS"), her employer, to recover unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA").

2.  JACKS operates a pizza restaurant chain in the state of Georgia. Named Plaintiff and those similarly situated are servers who worked for JACKS during the applicable statutory period in at least one of its restaurants in Georgia.

3.  Named Plaintiff brings her FLSA claims on her own behalf and on behalf of all similarly situated employees of JACKS as a collective action pursuant to 29 U.S.C. § 216(b).

## JURISDICTION

4.  This Court has jurisdiction over Named Plaintiff's claims because they are brought pursuant to 29 U.S.C. § 216(b) and because they raise a federal question pursuant to 28 U.S.C. § 1331.

5. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant resides in this judicial district and because the claims arose in this judicial district.

## PARTIES

6. Named Plaintiff Lyndsey Michelle Loyd is a resident of East Dublin, Laurens County, Georgia and was employed by JACKS as a server at its Johnny's Pizza restaurant located in Dublin, Laurens County, Georgia from or around March 2016 until September 2016.

7. Defendant JACKS is a Georgia domestic limited liability company with its principal office located at 1909 Springdale Road, Dublin, Georgia 31021. Defendant's registered agent is John C. Hall, Jr., CPA, 307 W. Gaines Street, Dublin, Georgia 31021.

8. Throughout the statutory period covered by this action, JACKS employed individuals who are engaged in interstate commerce and/or in the production of goods for interstate commerce or are engaged in handling, receiving, selling, or otherwise working on goods or materials that were moved in or produced for interstate commerce. As such, JACKS is and was covered by the FLSA.

## FACTS

9. Named Plaintiff and those she seeks to represent in this action were employed as servers for JACKS in Georgia.

10. During the three-year period relevant to this lawsuit, JACKS has employed dozens of servers at its restaurants.

11. From approximately March 2016 until September 2016, Named Plaintiff was employed by JACKS as a server at its location in Dublin, Georgia.

12. Throughout the applicable statutory period, JACKS paid Named Plaintiff and its other servers an hourly wage below $7.25. For example, JACKS paid Named Plaintiff an hourly

wage between $2.15 and $2.30.

13.     In seeking to comply with the FLSA mandate that employees receive a minimum wage of $7.25 per hour, JACKS purported to utilize a "tip credit" for each hour worked by Named Plaintiff and other servers at JACKS' Georgia restaurants. *See* 29 U.S.C. § 203(m).

14.     JACKS required Named Plaintiff and other servers to contribute a portion of their tips to its employees who worked in the position of Dishwasher.

15.     JACKS' Dishwashers do not receive tips directly from customers because Dishwashers generally work in or near the kitchen area and do not interact with restaurant customers. A Dishwasher's job primarily consists of cleaning and washing cooking utensils as well as cleaning and washing silverware and dishes used by restaurant patrons.

16.     JACKS also had a policy and practice of requiring Named Plaintiff and its other servers to spend more than 20% of their shift performing non-tip-producing work, including, but not limited to, rolling silverware, dusting and cleaning the restaurant, sweeping, mopping, stocking the refrigerator, chopping vegetables, stocking and maintaining the salad bar, preparing salad, stocking the soft drink machine, and changing out beer kegs.

17.     When the tips received by Plaintiff and similarly situated servers did not cover the difference between the lower tipped hourly rate they received and the $7.25 per hour statutory minimum wage, JACKS did not make any payments to Plaintiff and similarly situated servers to ensure that they were paid the FLSA-mandated minimum wage.

## COLLECTIVE ALLEGATIONS

18.     Named Plaintiff brings her FLSA claim pursuant to 29 U.S.C. § 216(b) on behalf of all individuals who, during any time within the past three years, were employed as servers at any JACKS restaurant in Georgia.

19. Named Plaintiff's FLSA claims should proceed as a collective action because Named Plaintiff and other similarly situated servers, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## CAUSES OF ACTION

## COUNT I

### Violation of the Minimum Wage Requirements of the FLSA

20. All previous paragraphs are incorporated as though fully set forth herein.

21. The FLSA entitles employees to a minimum hourly wage of $7.25.

22. While restaurants may utilize a "tip credit" to satisfy their minimum wage obligations to servers, they forfeit the right to do so when they require servers to share tips with other restaurant employees who do not "customarily and regularly receive tips." *See* 29 U.S.C. § 203(m). Federal courts interpreting this statutory language hold that restaurants lose their right to utilize a "tip credit" when tips are shared with employees—such as JACKS' Dishwashers—whose direct customer interaction is minimal. Federal courts interpreting this statutory language also hold that restaurants lose their right to utilize a "tip credit" when their tipped employees—such as JACKS' servers—spend more than 20% of their shift performing non-tip-producing work.

23. By requiring Named Plaintiff and other servers to share tips with Dishwashers, JACKS has forfeited its right to utilize the "tip credit" in satisfying its minimum wage obligations to Named Plaintiff and other servers. As such, JACKS has violated the FLSA's minimum wage mandate by paying Plaintiff and other servers an hourly wage below $7.25.

24. By requiring Named Plaintiff and other servers to spend more than 20% of their shift performing non-tip-producing work, JACKS has forfeited its right to utilize the "tip credit"

in satisfying its minimum wage obligations to Named Plaintiff and other servers. As such, JACKS has violated the FLSA's minimum wage mandate by paying Plaintiff and other servers an hourly wage below $7.25.

25. In violating the FLSA, JACKS has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiff prays for the following relief, on behalf of herself and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b), to all similarly situated workers;

C. A finding that JACKS violated the FLSA;

D. A finding that JACKS' FLSA violations are willful;

E. A judgment against JACKS and in favor of Named Plaintiff and similarly situated workers for compensation for all unpaid and underpaid wages that JACKS failed and refused to pay in violation of the FLSA;

F. Prejudgment interest to the fullest extent permitted under the law;

G. Liquidated damages to the fullest extent permitted under the FLSA;

H. Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA and Federal Rules of Civil Procedure; and

I. Such other and further relief as this Court deems just and proper in equity and under the law.

## JURY DEMAND

Named Plaintiff demands a jury as to all claims so triable.

Dated: August 30, 2018

                                          Respectfully submitted,

                                          */s/ Michael J. Moore*
                                          **MICHAEL J. MOORE (GA Bar No. 520109)**
                                          POPE MCGLAMRY, KILPATRICK, MORRISON & NORWOOD, P.C.
                                          3391 Peachtree Road, NE, Suite 300
                                          P.O. Box 191625 (31119-1625)
                                          Atlanta, GA 30326
                                          Telephone: (404) 523-7706
                                          michaelmoore@pmkm.com
                                          efile@pmkm.com

                                          **DAVID W. GARRISON (No. 24968)***
                                          **JOSHUA A. FRANK (No. 33294)***
                                          BARRETT JOHNSTON MARTIN & GARRISON, LLC
                                          Bank of America Plaza
                                          414 Union Street, Suite 900
                                          Nashville, TN 37219
                                          Telephone: (615) 244-2202
                                          Facsimile: (615) 252-3798
                                          dgarrison@barrettjohnston.com
                                          jfrank@barrettjohnston.com

                                          *\* Pro Hac Vice Motion anticipated*

                                          *Attorneys for Plaintiff*