# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# DUBLIN DIVISION

| | |
|---|---|
| LYNDSEY MICHELLE LOYD and JESSICA CARR, On Behalf of THEMSELVES and All Others Similarly Situated, | ) ) ) ) ) |
| Plaintiff, | ) |
| v. | ) Civ. No. 3:18-cv-00059-DHB-BKE |
| | ) |
| JACKS ENTERPRISE, LLC d/b/a JOHNNY'S PIZZA, | ) ) ) |
| Defendant. | ) |

**PLAINTIFFS' UNOPPOSED MOTION FOR
APPROVAL OF THE PARTIES' SETTLEMENT AGREEMENT**

Named Plaintiffs Lyndsey Michelle Loyd and Jessica Carr, on behalf of themselves and the Opt-In Plaintiffs in this collective action (collectively "Plaintiffs") submit this Unopposed Motion for Approval of the Parties' Settlement Agreement.

**I.      SUMMARY OF CASE AND PROPOSED SETTLEMENT AGREEMENT**

On August 30, 2018, Named Plaintiff Lyndsey Michelle Loyd filed this action on behalf of herself and other servers at Defendant Jacks Enterprise, LLC d/b/a Johnny's Pizza ("Defendant") to recover unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Specifically, Named Plaintiff Loyd challenged Defendant's reliance on the tip credit provision of Section 3(m) of the FLSA, 29 U.S.C. § 203(m), to pay servers at Defendant's restaurant. On November 2, 2018, Named Plaintiffs Loyd and Carr amended their Complaint to include a demand for recovery of unpaid overtime wages in addition to the unpaid wages claim brought forward in the original Complaint. After negotiation of the Parties, Defendant agreed to notice and, ultimately, five Plaintiffs, including Named Plaintiffs Loyd and Carr, have asserted

1

their wage claims in this action.

Plaintiffs' primary claim in this litigation is that Defendant inappropriately took the FLSA tip credit on regular and overtime hours. Plaintiffs allege that Defendant inappropriately took the tip credit for two reasons:

(1) Defendant allegedly required servers to share a portion of their tips with other employees who do not receive tips directly from customers, including employees who worked in the position of Dishwasher; and,

(2) Defendant required servers to perform non-tip producing work in excess of 20% of their shifts.

Plaintiffs assert that if either of these allegations were proven at trial, all Plaintiff servers who joined this case would be entitled to a $7.25 per hour minimum wage for all hours worked through 40 in a work week (and $10.88 per hour for all overtime hours). Plaintiffs' damages, then, would be the entire difference between the tipped hourly rate Defendant paid them and the applicable regular or overtime rate had Defendant not utilized the tip credit for every hour worked.

Defendant denies these allegations and denies that the tip credit would be destroyed for every hour worked even if Plaintiffs' allegations are proven. Defendant further states that the U.S. Department of Labor's recent Opinion Letter explicitly eliminates the so-called "20% rule" relating to tipped employees. *See* Opinion Letter of Acting Administrator, FLSA 2018-27 (November 8, 2018).

The Parties' Settlement Agreement, attached to Plaintiffs' Unopposed Motion as Exhibit 1, includes the following salient provisions:

(1) Payments to the Named and Opt-In Plaintiffs for back wages allegedly owed to them under the FLSA in the aggregate amount of $8,250.00, listed in Exhibit A to the Settlement Agreement;

(2) Payments to the Named and Opt-In Plaintiffs for liquidated damages allegedly owed to them under the FLSA in the aggregate amount of $8,250.00, listed in Exhibit A to the Settlement Agreement;

(3) Service payments to Named Plaintiffs Loyd and Carr of $1,000.00 each for their

    service representing the collective in this action; and,

 (4) A payment to Plaintiffs' counsel of $20,000.00 for fees and advanced costs incurred in litigating this matter.

As explained in greater detail below, the Parties' Agreement represents a fair and reasonable compromise of the claims in this action.

## II. THE PARTIES' SETTLEMENT FOR WAGES, LIQUITDATED DAMAGES, SERVICE PAYMENTS, AND ATTORNEYS' FEES IS FAIR AND REASONABLE AND SHOULD BE APPROVED.

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . ." 29 U.S.C. § 216(b). The FLSA's provisions are mandatory and, except in two narrow circumstances, generally are not subject to bargaining, waiver, or modification by contract or private settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two limited circumstances in which FLSA claims may be compromised are (1) when the Secretary of Labor supervises the settlement pursuant to 29 U.S.C. § 216(c) or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

When parties bring a proposed settlement of an FLSA claim before a court, courts review the settlement to ensure that they are fair and reasonable. *Id.* at 1353-55. If a settlement in an FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. When reviewing a settlement to determine whether it is fair and reasonable, courts "should keep in mind the 'strong presumption' in favor of finding a settlement fair." *King v. My Online Neighborhood*, No. 6:06-

cv-435-Orl-22JGG, 2007 WL 737575, at *3 (M.D. Fla. March 7, 2007) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)[1]). This is because "a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" *King*, 2007 WL 737575, at *3 (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir. 1995) (other internal citations omitted)).

Furthermore, the standard for approval of an FLSA settlement is lower than for a Rule 23 settlement because an FLSA settlement does not implicate the same due process concerns as does a Rule 23 settlement. *Massiah v. Metroplus Health Plan, Inc.*, No. 11-cv-5669, 2012 WL 5874655, at *5 (E.D. N.Y. Nov. 20, 2012); *Trauth v. Spearmint Rhino Cos. Worldwide*, No. 09-cv-1316, 2012 WL 4755682, at *5 (C.D. Cal. Oct. 5, 2012); *cf. O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009) (standards for certification of an FLSA collective action are less stringent than under Rule 23). Unlike in a Rule 23 class action, there are no absent class members in a 216(b) collective action. Rather, in a 216(b) collective action like this one, each Opt-In Plaintiff has affirmatively consented to join the case as a plaintiff and agreed to be bound by any judgment or settlement reached by the Named Plaintiffs and their counsel.

As part of this review, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). The FLSA's fee-shifting language provides that a prevailing plaintiff shall recover reasonable attorneys' fees and litigation costs. 29 U.S.C. § 216(b). "Indeed, an 'award of attorneys' fees under the FLSA is mandatory . . . .'" *Thompson v. United*

---

[1] The Eleventh Circuit "adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981." *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*).

4

*Stone, LLC*, No. 1:14-cv-224, 2015 WL 867988, at *2 (E.D. Tenn. Mar. 2, 2015) (citations omitted). "[T]he purpose of the FLSA attorney fees provision is 'to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.'" *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir.1984)).

The starting point in calculating a "reasonable" attorney's fee is typically the determination of the fee applicant's "lodestar," which is the number of hours reasonably expended on the case multiplied by a reasonable hourly rate. *Cain v. Almeco USA, Inc.*, No. 1:12-cv-3296-TWT, 2014 WL 2158413, at *1 (N.D. Ga. May 23, 2014) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)). As the Supreme Court has held, "there is a 'strong presumption' that the lodestar figure is reasonable[.]" *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010); *see also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565 (1986), *supplemented*, 483 U.S. 711 (1987) ("A strong presumption that the lodestar figure—the product of reasonable hours times a reasonable rate—represents a 'reasonable' fee is wholly consistent with the rationale behind the usual fee-shifting statute . . . ."); *Cain*, 2014 WL 2158413, at *1 (same).

### A.   The proposed settlement represents a fair and reasonable compromise of Plaintiffs' claims.

The proposed settlement represents a fair and reasonable compromise of Plaintiffs' claims. The Parties have several *bona fide* disputes over the issues in this litigation, including, but not limited to: (i) whether the certification and trial of this case as a collective action is appropriate; (ii) whether Defendant's reliance on the tip credit provision of Section 3(m) of the FLSA, 29 U.S.C. § 203(m), to pay its servers was appropriate given its pay practices; (iii) whether Defendant's pay practices deprived the Plaintiffs of pay for compensable time in accordance with

5

the FLSA; (iv) whether the alleged uncompensated hours resulted in the employees working in excess of 40 hours per week or deprived Plaintiffs of unpaid minimum wage time as mandated by the FLSA; (v) the amount of such alleged uncompensated work time; (vi) the applicable statute of limitations, pursuant to 29 U.S.C. § 255; and (vii) the amount of damages, if any. With these issues in mind, the Parties engaged in settlement negotiations, which included an analysis of Plaintiffs' alleged unpaid wage damages under two-year and three-year statutes of limitations and the potential for recovery should the matter proceed. In light of the considerable risk, cost, and uncertainty of continued litigation, including, but not limited to, the U.S. Department of Labor's recent release of an Opinion Letter eliminating the so-called "20% rule" upon which Plaintiffs' theory of recovery relies in part, the Parties submit that the back wages and liquidated damages set forth in the Settlement Agreement should be approved by the Court as fair and reasonable. *See* Opinion Letter of Acting Administrator, FLSA 2018-27 (November 8, 2018).

Likewise, the other terms of the Settlement Agreement are the product of good faith, arms-length negotiations between the Parties and their counsel. For example, Defendant has agreed to pay Named Plaintiffs Loyd and Carr $1,000 each as a service payment for their efforts on behalf of the Plaintiffs and their assistance to counsel, separate and apart from the settlement payments negotiated for the Plaintiffs. Named Plaintiffs Loyd and Carr's efforts in this case were substantial. *See* Declaration of David Garrison at ¶ 15. Both Named Plaintiffs Loyd and Carr spoke assisted Plaintiffs' counsel in investigating the claims in this action, seeking discovery, and negotiating the settlement. *Id.* They also communicated regularly with counsel during the negotiations that led to the settlement in this case. *Id.*

Where "[p]laintiffs have made a substantial showing that the Named Plaintiffs have advanced this litigation and protected and promoted the interests of the settlement class," a

"modest" incentive payment, like the $1,000 payments negotiated here, is appropriate. *E.g.*, *Williams v. Omainsky*, No. 15-0123-WS-N, 2017 WL 390272, at *5 (S.D. Ala. Jan. 27, 2017) (approving $5,000 service payments to five Named Plaintiffs, a total of $25,000, in an FLSA collective action). As the *Williams* court noted, an award of service payments to class representatives is supported by "ample precedent." *Id.* (collecting cases). Service payments are "an efficient and productive way to encourage" individuals to serve as class representatives. *Id.* (quoting *In re Checking Account Overdraft Litigation*, 830 F. Supp. 2d 1330, 1357 (S.D. Fla. 2011) and collecting cases). Moreover, service payments "are appropriate to recognize the efforts of the representative plaintiffs to obtain recovery for the class." *Edwards v. Horizon Staffing, Inc.*, No. 1:13-cv-3002-WSD, 2015 WL 13283397, at *11 (N.D. Ga. Jan. 2, 2015) (quoting *In re Domestic Air Transp. Antitrust Litigation*, 148 F.R.D. 297, 358 (N.D. Ga. 1993)).

Here, the service payments are entirely separate from the settlement payments for wages and liquidated damages and, therefore, will "not diminish the amount any settlement class member would receive" under the settlement. *Williams*, 2017 WL 390272, at *5. Named Plaintiffs Loyd and Carr's substantial efforts, and the outcome achieved as a result of those efforts, justifies this payment.

**B.     The proposed settlement provides for a payment of Plaintiffs' attorneys' fees and expenses that is fair and reasonable.**

Plaintiffs' counsel's actual fees incurred through the execution of this Agreement, based on the number of hours expended multiplied by the attorneys' and staff members' regularly hourly billing rates is $22,937.50.  *See* Garrison Decl., ¶7. Plaintiffs have also incurred expenses totaling more than $1,432.89 as of the date of this filing. Garrison Decl., ¶7. Plaintiffs' counsel's fees are based on reasonable hourly rates that have been approved by federal courts in FLSA litigation in 2018 and 2019. Garrison Decl., ¶¶ 8-9. In fact, several federal courts, including federal courts in

7

Georgia, have approved settlements in similar cases, which resolved claims for Plaintiffs' counsel's attorneys' fees and expenses on a lodestar basis using the same hourly rates as those used in this action. *See, e.g.,* Order Approving Settlement (Doc. No. 13), *Garcia v. Athena Capital, LLC*, No. 3:18-cv-00136-CDL (M.D. Ga. May 23, 2019) (Land, J.); Order Approving Settlement (Doc. No. 22), *Wilson v. NY Pizza Co., LLC*, No. 2:18-cv-149-RWS (N.D. Ga. Feb. 12, 2019) (Story, J.); Order Approving Settlement (Doc. No. 24), *Ricker v. CDR Rests., Inc.*, No. 3:18-cv-00080-TCB (N.D. Ga. Dec. 12, 2018) (Batten, J.); Order Approving Settlement (Doc. No. 49), *Coleman v. Richani Rest. Group, LLC*, No. 2:18-cv-114 (E.D. Tenn. Mar. 4, 2019); Order Approving Settlement (Doc. No. 128), *Paine v. Intrepid U.S.A., Inc.*, No. 3:14-cv-02005 (M.D. Tenn. Jan. 6, 2017). Plaintiffs' counsel necessarily incurred these fees and expenses in investigating, filing, and prosecuting the Plaintiffs' claims. Garrison Decl., ¶11.

Nevertheless, to resolve Plaintiffs' claims for these fees and expenses, Plaintiffs have agreed to resolve these claims for a reduced payment of $20,000. This reduction confirms that the agreed upon payment of fees and expenses does "not produce [a] windfall[]" to Plaintiffs' counsel and confirms its reasonableness. *Blum v. Stenson*, 465 U.S. 886, 897 (1984) (citations omitted). The "strong presumption" that Plaintiffs' counsel's lodestar is reasonable is even stronger here, where the agreed upon fees are below the lodestar. In fact, the actually fees to be paid under the Parties' proposed settlement represent an approximate 20% reduction in the fees actually incurred by Plaintiffs' counsel as of the date of this filing. In short, the agreed upon payment of $20,000 for fees and expenses is reasonable.

**III.   CONCLUSION**

For the reasons stated above, the Parties submit that the Court should approve all aspects of the Settlement Agreement as fair and reasonable, and enter the proposed order attached to their Joint Motion approving the settlement and dismissing this case with prejudice.

July 1, 2019                                             Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON (TN No. 24968)**
**JOSHUA A. FRANK (TN No. 33294)**
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

**MICHAEL J. MOORE (GA Bar No. 520109)**
**AIMEE J. HALL (GA Bar No. 318048)**
POPE MCGLAMRY,
KILPATRICK,MORRISON &
NORWOOD, P.C.
3391 Peachtree Road, NE, Suite 300
P.O. Box 191625 (31119-1625)
Atlanta, GA 30326
Telephone: (404) 523-7706
Facsimile: (404) 524-1648
michaelmoore@pmkm.com
aimeehall@pmkm.com
efile@pmkm.com

*Attorneys for Plaintiffs*

9

## **CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the foregoing *Plaintiffs' Unopposed Motion for Approval of the Parties' Settlement Agreement* was served on the following counsel via this Court's ECF system on July 1, 2019.

**Matthew R. Simpson**
Fisher & Phillips, LLP
1075 Peachtree St., NE, Suite 3500
Atlanta, GA 30309
404-240-4221
msimpson@fisherphillips.com

                                                    /s/ David W. Garrison
                                                   DAVID W. GARRISON
                                                    **BARRETT JOHNSTON**
                                           **MARTIN & GARRISON, LLC**