# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Settlement Agreement and Release of All Claims ("Agreement") is made by and between Jacks Enterprise, LLC d/b/a Johnny's Pizza. (the "Company") and the class of current and former employees who have opted into this lawsuit and are represented by Lyndsey Michelle Loyd and Jessica Carr (collectively referred to as "Plaintiffs").

## RECITALS

WHEREAS, Plaintiffs Loyd and Carr filed a lawsuit against the Company on August 30, 2018, in the United States District Court for the Southern District of Georgia, Dublin Division, with the lawsuit having case number 3:18-cv-00059-DHB-BKE (the "Lawsuit").

WHEREAS, Plaintiffs Loyd and Carr asserted claims against the Company in the Lawsuit under the Fair Labor Standards Act of 1938 ("FLSA") on behalf of themselves and those who are allegedly similarly situated to them.

WHEREAS, the Company denies any violations of law and denies any liability to Plaintiffs,

WHEREAS, the parties hereto wish to resolve certain claims asserted in the Lawsuit and settle these claims in a manner that will avoid the need for further litigation of those claims,

NOW THEREFORE, in consideration of material covenants and promises contained herein, the parties agree as follows:

**1.     Consideration.**   The Company agrees to pay the total sum of Thirty-Eight Thousand Five Hundred Dollars ($38,500.00) (the "Settlement Amount") in consideration for Plaintiffs' compliance with their obligations under this Agreement. The consideration shall be paid as follows:

   a)   Eighteen Thousand Five Hundred Dollars ($18,500.00), less all applicable withholdings, to Plaintiffs for back wages, liquidated damages, and service awards allegedly due under the FLSA, in the individual amounts set forth in Exhibit A.

   b)   Twenty Thousand Dollars ($20,000.00) to Barrett, Johnston, Martin & Garrison, LLC, for attorneys' fees and costs. This represents payment for all fees and costs incurred by Plaintiffs' counsel through payment of the consideration set forth in this Section and dismissal of the Lawsuit as set forth in Section 5 below. Except as provided herein, Plaintiffs specifically understand and agree that they will be responsible for all fees and costs owed to their attorneys or to anyone else engaged by them for any reason related to the Lawsuit.

The Settlement Amount above shall be made in three (3) equal installment payments (the "Installment Payments"), following the Court's Approval Order, pursuant to the parties' motion for approval of settlement to be filed with the U.S. District Court for the Southern District of

Georgia no later than seven (7) days from the date of execution of this Agreement. The Installment Payments shall be made in accordance with the following schedule:

    i. the first Installment Payment shall constitute one-third of the amounts set forth in Exhibit A and of the attorneys' fees and costs set forth in Section 1(b) and shall be due no later than 60 days following the Court's Approval Order;

    ii. the second Installment Payment shall constitute one-third of the amounts set forth in Exhibit A and of the attorneys' fees and costs set forth in Section 1(b) and shall be due no later than 60 days after the first Installment Payment; and

    iii. the third Installment Payment shall constitute one-third of the amounts set forth in Exhibit A and of the attorneys' fees and costs set forth in Section 1(b) and shall be due no later than 60 days after the second Installment Payment.

The parties agree that regardless of the Installment Payment schedule above, the entire Settlement Amount shall be paid by no later than December 15, 2019. The Installment Payments shall be made by delivery of payment to Plaintiffs' counsel's office by the dates provided in this Agreement.

Plaintiffs acknowledge that, but for the execution of this Agreement, they would not be entitled to receive this monetary consideration or other consideration provided for in this Agreement. Plaintiffs agree to pay any and all taxes, interest or penalties determined by appropriate taxing authorities to be owed by them, and Plaintiffs will hold harmless and indemnify the Company against the assertion of any claim for any such taxes, assessments, or related interest or penalties.

Plaintiffs further agree that the consideration stated herein fully compensates them for any and all alleged back wages, overtime wages, liquidated damages, attorneys' fees, and costs, and that they neither seek nor are entitled to any further wages, pay, overtime compensation, damages, attorneys' fees or relief. The parties acknowledge the adequacy of consideration provided herein by each to the other, that this is a legally binding document, and that they intend to comply with and be faithful to its terms.

If the payments set forth above in this section of the Agreement are paid by Company more than seven (7) days after the deadlines set forth in this section of the Agreement, then Company shall owe an additional One Thousand Dollar ($1,000.00) for each late payment. This penalty shall be paid to Barrett Johnston Martin & Garrison, LLC's escrow account, and those funds will be paid to Plaintiffs on a *pro rata* basis, based on their percentage of the total recovery per this Agreement. In addition to this One Thousand Dollar ($1,000.00) penalty, Company shall owe ten percent (10%) compound interest on each payment owed from the date of default (seven (7) days from the deadlines set forth in this section of the Agreement.

    **2.**     **Court Approval.** Within seven (7) days of the execution of this Agreement the parties will file with the U.S. District Court for the Southern District of Georgia, Dublin Division in *Lyndsey Michelle Loyd, et al. v. Jacks Enterprise, LLC d/b/a Johnny Pizza*, 3:18-cv-00059-DHB-BKE a joint motion for approval of the terms of this Agreement, attaching this Agreement

as an exhibit thereto. The parties will cooperate and take all necessary steps to effect final judicial approval of this Agreement. The parties expressly agree that the terms of this Agreement are fair and equitable, and to the extent that Plaintiffs' counsel is required to petition the Court for approval of the reasonableness and amount of the attorneys' fees and costs to be paid under this Agreement, the Company does not oppose and agrees not to oppose the amount of Plaintiffs' attorneys' fees as stated in Section 1(b) above.

**3. Releases.** In exchange for the payments set forth above, and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs hereby **RELEASE, REMISE, AND FOREVER DISCHARGE** the Company, its former and current trustees, officers, administrators, agents, attorneys, employees, personally and in their respective capacities, and any other person or entity representing or succeeding to any such person or entity, from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to him/her which he/she may now have against them, either individually, jointly, or severally, his/her individual claims under the Fair Labor Standards Act for payment of hours worked up to the date of this Agreement, all liquidated damages that Plaintiffs may be entitled to under the FLSA, all attorney's fees that Plaintiffs may be entitled to under the FLSA, and all other claims relating to payment of wages, compensation, and/or overtime.

**4. Parties Released.** Plaintiffs acknowledge that this Agreement and the release provision in Section 3 above apply to and protect in all respects the Company, including past, current and future parent companies, related companies, successors and assigns, owners, officers, directors, agents, employees, and insurers of any such entity.

**5. Filing of Notices of Dismissal With Prejudice.** Within seven (7) days of receipt of the third Installment Payment set forth in Section 1(iii), Plaintiffs shall file a Notice of Dismissal With Prejudice with the Court.

**6. Modification.** No modification, amendments, cancellation, deletion, addition, extension or other changes in this Agreement shall be effective for any purpose unless specifically set forth in a written agreement signed by Plaintiffs and the Company. This Agreement constitutes a single, integrated written agreement containing the entire understanding between Plaintiffs and the Company regarding the subject matter hereof and supersedes and replaces any and all prior agreements and understandings, written or oral.

**7. Non-Admissions.** This Agreement does not constitute an admission by any party to the Agreement that they have violated any law or statute and all parties specifically deny any such violation occurred.

**8. Severability and Waiver.** The parties agree that the covenants of this Agreement are severable and that if any single clause or clauses shall be found unenforceable, the entire Agreement shall not fail but shall be construed and enforced without any severed clauses in accordance with the terms of this Agreement. The parties also agree that any failure by any party to enforce any right or privilege under this Agreement shall not be deemed to constitute waiver of

any rights and privileges contained herein. The terms of this Agreement are to be construed under the laws of the State of Georgia.

**9.     Voluntary and Knowing.** This Agreement is executed voluntarily and without any duress or undue influence on the part or behalf of the parties thereto.

**10.    Extension of Time.** The parties may mutually agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice.

**11.    Binding Agreement.** This Agreement shall be binding upon, and inure to the benefit of, the parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

**12.    Entire Agreement.** This Agreement constitutes the entire agreement of the parties concerning the subjects included herein.

**13.    Certification.** The signatories to this Agreement certify that they are authorized to sign on behalf of their respective parties.

**14.    Counterparts.** The parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the parties had signed the same instrument.

**15.    Enforcement**. If Company fails to make any payment required by this Agreement, then this Agreement may be enforced by Plaintiffs, Plaintiffs' counsel, or both. This Agreement shall be binding upon, inure to the benefit of, and be enforceable by, the Parties and their heirs, beneficiaries, administrators, representatives, executors, successors and assignees.

**PLAINTIFFS:**

_/s/ Lyndsey Michelle Loyd_
Lyndsey Michelle Loyd

Date: 6-9-19

_____
Jessica Carr

Date: 06/08/19


**DEFENDANT:**

**JACK'S ENTERPRISE, LLC d/b/a JOHNNY'S PIZZA**

By: _____

Title: Partner

Date: 6·24·19

## EXHIBIT A

| SETTLEMENT ALLOCATION | | | | |
|---|---|---|---|---|
| Name | Unpaid Wages | Liquidated Damages | Service Pymt. | Total |
| Jessica Carr | $ 3,806.15 | $ 3,806.15 | $ 1,000.00 | $ 8,612.30 |
| Damesha Johnson | $ 204.51 | $ 204.51 | | $ 409.02 |
| Lyndsey Loyd | $ 618.20 | $ 618.20 | $ 1,000.00 | $ 2,236.40 |
| Kristen Reeves | $ 779.86 | $ 779.86 | | $ 1,559.72 |
| Randee Williams | $ 2,841.28 | $ 2,841.28 | | $ 5,682.56 |
| **TOTAL** | **$ 8,250.00** | **$ 8,250.00** | **$ 2,000.00** | **$ 18,500.00** |

The payments listed in the "Wages" column above shall be subject to applicable withholdings and deductions.