IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 JUL 18 AM 11:56
CLERK_____
SO. DIST. OF GA.

LYNDSEY MICHELLE LOYD and  *
JESSICA CARR, on behalf of  *
themselves and all others  *
similarly situated,  *
   *
   Plaintiffs,  *
   *
v.  *  CV 318-059
   *
JACKS ENTERPRISE, LLC, d/b/a  *
Johnny's Pizza,  *
   *
   Defendant.  *

**O R D E R**

Plaintiff Lyndsey Michelle Loyd filed this collective action to recover unpaid wages under the Fair Labor Standard Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Presently before the Court is Plaintiffs' unopposed motion to approve the parties' settlement agreement. (Doc. No. 30.) The agreement is attached to Plaintiffs' motion as "Exhibit A." (Doc. No. 30-1.)

The FLSA was enacted to protect workers from oppressive working hours and substandard wages. Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981). Recognizing the great disparity in bargaining power inherent in the employer-employee relationship, Congress made the FLSA's wage and hour limitations mandatory. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). The mandatory nature of these provisions prevents

employers or employees from negotiating an employment relationship that falls below the FLSA's minimum employee protections. See id.

Accordingly, FLSA's provisions are not subject to bargaining, waiver, or modification either by contract or settlement, save for two narrow exceptions. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The first exception applies to actions taken by the Secretary of Labor and is not applicable to this case. See id. at 1353.

The second exception, which applies here, permits settlement when employees bring a private action for back wages under 29 U.S.C. § 216(b). In such an instance, the parties must present the proposed settlement to the court, and the court may approve the agreement "after scrutinizing the settlement for fairness." Lynn's Food Stores, 679 F.2d at 1353. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation." Id. at 1354.

In this case, Plaintiffs brought suit and are represented by counsel, which suggests that a true conflict exists between Plaintiffs and Defendant. See id. Upon review of the parties' settlement agreement, Plaintiffs' unopposed motion, and the pleadings, the Court finds that (1) there are bona fide disputes

2

over Plaintiffs' entitlement to unpaid wages under the FLSA, and (2) the settlement of those disputes is fair and reasonable. Specific bona fide disputes include whether Defendant appropriately relied on the FLSA's tip credit provision, what the statute of limitations is for Plaintiffs' claims, and whether the alleged uncompensated hours resulted in employees working more than forty hours per week thereby depriving them of overtime pay.

Further, the settlement awards unpaid wages and an equal amount of liquidated damages to each employee who filed a Notice of Consent to opt-in to this action, as required by the FLSA. See 29 U.S.C. § 216(b). In addition to the unpaid wages and liquidated damages awarded to each class member, the settlement includes $1,000.00 service payments to the two named Plaintiffs for their efforts as class representatives. These service payments do not diminish the settlement payments to the other opt-in Plaintiffs. Overall, the settlement awards reflect a fair compromise of the claims in this case.

Next, Plaintiffs' counsel requests the Court approve the settlement's attorney's fees award. The FLSA explicitly provides for "a reasonable attorney's fee to be paid by the defendant, and costs of the action" in addition to the plaintiff's damages award if the employer is held liable.[1]   28 U.S.C. § 216(b).   In

---

[1] Defendant does not admit liability in the settlement agreement, however, the parties still agreed to an attorney's fees award.

3

determining the reasonableness of attorney's fees pursuant to a fee-shifting statute, the lodestar generally is recognized as a reasonable fee. City of Burlington v. Dague, 505 U.S. 557, 562 (1992). There is a "strong presumption" that the lodestar figure represents a reasonable fee award. Id. (quoting Pa. v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986)).

Here, the settlement provides $20,000.00 for the payment of fees and expenses to Plaintiffs' counsel. The parties agree that this amount is reasonable, and in fact, it represents a discount of more than $4,000.00 from the amount of fees and costs Plaintiffs' counsel incurred in litigating this case based on the lodestar. (See Decl. of David Garrison, Doc. No. 31, ¶ 7.) Accordingly, the Court concludes that the payment of $20,000.00 in fees and expenses to Plaintiffs' counsel is fair and reasonable.

Based on the foregoing, Plaintiffs' unopposed motion to approve the parties' settlement agreement (doc. no. 30) is **GRANTED**, and the parties' settlement is **APPROVED**.

**ORDER ENTERED** at Augusta, Georgia, this ___ day of July, 2019.

_____
UNITED STATES DISTRICT JUDGE

4